IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01513-BNB

JOHNATHAN YOUNG, SR.,

    Plaintiff,

v.

FRAN LAPAGE, Programs Manager,
LT. BRANDT, EID #95011,
SGT. T. E. WILLIAMS, EID #02014,
DEPUTY HIGHTSHOE,
DEPUTY LUNDSTRUM, and
DEPUTY KRULL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2010

GREGORY C. LANGHAM
              CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Johnathan Young, Sr., is currently incarcerated at the El Paso County Criminal Justice Center. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on June 28, 2010. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

1

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a ***pro se*** litigant. ***See id.*** Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Young will be directed to file an amended complaint.

Mr. Young asserts three claims for relief. In his first claim, Mr. Young asserts that un-named Defendants have violated his "religious rights" by denying him access to kosher meals. In his second claim, he asserts that his due process and equal protection rights have been violated, but does not explain the factual basis for this claim. Mr. Young fails to name any Defendants in his second claim. In his third claim, Mr. Young asserts that he has been subjected to retaliation. He again fails to provide the factual basis for his claim, and fails to name any Defendants. Instead, Mr. Young has attached numerous prison grievances to the Complaint that contain allegations related to his various claims. However, it is not the Court's responsibility to sift through those grievances to determine how they might support the claims Mr. Young is asserting in this action. The general rule that ***pro se*** pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Young's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Young fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Young, therefore, will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Young is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and

3

the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Young also fails to allege the personal participation of each named Defendants. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Young must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Young fails to assert how all named Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Young may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Young uses fictitious names he must provide sufficient information about each

defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Johnathan Young, Sr., file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Young, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Young fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 15, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01513-BNB

Johnathan Young, Sr.
Prisoner No. 00108144
El Paso County Sheriff's Office
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7|15|10

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                  Deputy Clerk