IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01513-BNB

JOHNATHAN YOUNG, SR.,

    Plaintiff,

v.

TERRY MAKETA,
LT. BRANDT, EID #95011,
SGT. T. E. WILLIAMS, EID #02014,
FRAN LAPAGE,
DEPUTY HIGHTSHOE,
DEPUTY LUNDSTRUM,
DEPUTY KRULL,
LT BILLIARD,
COMM. MISTRETTA,
R. JOHNSTEN,
DEPUTY JAEGER,
DEPTUY NAGLE,
SGT. BOWERS,
COMM. ROBERT W. KING, EID # 88010,
LIZ O'NEAL,
DEPUTY BROCK, and
DEPUTY KLINEDIST,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Johnathan Young, Sr., is a pre-trial detainee currently in the custody of the El Paso County Sheriff's Department. Mr. Young initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

On July 15, 2010, Magistrate Judge Boland determined that the prisoner complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Young to file an amended prisoner complaint within thirty days. After receiving an extension of time, Mr. Young submitted an amended complaint on September 15, 2010.

The Court must construe the amended complaint liberally because Mr. Young is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Young is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Young asserts two claims in this action, although each claim appears to have several sub-claims. In his first claim, he alleges that his First Amendment right to practice his religion was violated when Defendant Fran LaPage required him to sign an agreement indicating his intention to participate in Ramadan. Amended Complaint at 9. He asserts that the food served during Ramadan did not comply with his religious beliefs and that Defendant LaPage later denied his request to be removed from the Ramadan meal service. *Id.* at 10. He further asserts that Defendant Deputy Hightshoe refused his request to take a morning shower, as is required for his religious practice during Ramadan. *Id.* at 11. Finally, Mr. Young complains that, on September 11, 2009, Defendant Hightshoe asked the other inmates for a "political moment of silence for the fall[en] people of New York on 9/11" and that this caused Mr. Young to fear for his life, based upon his Islamic faith. *Id.* at 12. In his second claim, Mr. Young alleges that he was denied his constitutional right to access the courts when Defendant LaPage removed his name from the law library list based on his lack of attendance. *Id.* at 13-14. He further alleges that Defendant LaPage denied him access to "indigent legal supplies," such as legal envelopes. *Id.* at 15-16. He also asserts that he was removed from the Ramadan diet by Defendant LaPage without receiving any due process, including a hearing, prior to termination of the diet. *Id.* at 16. Finally, Mr. Young alleges that Defendant Liz O'Neal violated his due process right when she placed him in administrative segregation without first providing him a hearing. *Id.* at 17-18.

The Court notes that, in the Amended Complaint, Mr. Young does not assert any claims against Defendants Terry Maketa, Sgt. T.E. Williams, Deputy Lundstrom, Deputy

Krull, Lt. Billiard, B. Johnsten, Deputy Jaeger, Deputy Nagle, Sgt. Bowers, Comm. Robert W. King, Deputy Brock and Deputy Klinedist. Mr. Young was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Young cannot establish the personal participation of these Defendants because his Amended Complaint is completely devoid of any allegations against them. Accordingly, Defendants Terry Maketa, Sgt. T.E. Williams, Deputy Lundstrom, Deputy Krull, Lt. Billiard, B. Johnsten, Deputy Jaeger, Deputy Nagle, Sgt. Bowers, Comm. Robert W. King, Deputy Brock and Deputy Klinedist are improper parties to this action and will be dismissed.

The Court also notes that Mr. Young is suing Defendants Lt. Brandt and Comm. Mistretta because they allegedly denied administrative grievances filed by Mr. Young. *See* Amended Complaint at 10, 17. However, these allegations fail to establish the personal participation of Defendants Brandt and Mistretta. The Tenth Circuit Court of Appeals has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009)

(unpublished decision) (quoting *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Young has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Young fails to assert that Defendants Brandt and Mistretta personally participated in violating his constitutional rights, Defendants Lt. Brandt and Comm. Mistretta are also improper parties to the action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Young's claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Fran LaPage, Deputy Hightshoe, and Liz O'Neal. All other Defendants will be dismissed as parties to this action. Accordingly, it is

ORDERED that Defendants Terry Maketa, Sgt. T.E. Williams, Deputy Lundstrom, Deputy Krull, Lt. Billiard, B. Johnsten, Deputy Jaeger, Deputy Nagle, Sgt. Bowers, Comm. Robert W. King, Deputy Brock, Deputy Klinedist, Lt. Brandt and Comm. Mistretta are dismissed as parties to this action for Plaintiff's failure to allege their personal participation. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 23rd day of September, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01513-BNB

Johnathan Young, Sr.
Prisoner No. 00108144
El Paso County Sheriff's Office
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/23/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk