**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 10-cv-01513-WJM-CBS

JONATHON YOUNG, SR.,

      Plaintiff,

v.

[DEPUTY JASON] BROCK, and
[DEPUTY FNU] JAEGER,

      Defendants.

_____

**ORDER ADOPTING THE RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on the August 15, 2011 Recommendation by U.S. Magistrate Judge Craig B. Shaffer (ECF No. 107) (the "Recommendation") that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I. BACKGROUND**

The facts relevant to a resolution of the Defendants' Motion to Dismiss are detailed in the Recommendation. Briefly, Plaintiff is a *pro se* prisoner currently incarcerated at the Sterling Correctional Facility in Colorado in the custody of the Colorado Department of Corrections ("CDOC"). (Rec. at 8.) Defendants are deputies at El Paso County Jail in Colorado. (*Id.*) Plaintiff alleges that on July 26, 2010, while a prisoner at the El Paso County Jail, Defendant Brock used excessive force after

handcuffing Plaintiff and escorting him from his cell block.[1]  (*Id*. at 10-11.)  Plaintiff

further alleges that on or about July 30, 2010, Defendant Jaeger sexually assaulted him

during a pat-down search by fondling and squeezing Plaintiff's genitals.  (*Id*. at 15-16.)

Plaintiff's operative Complaint (the "Second Amended Complaint") for purposes

of the Motion to Dismiss was filed on January 21, 2011.[2]  (Second Am. Compl. (ECF

No. 75.))  Plaintiff's Second Amended Complaint alleges violations of federal

constitutional law and brings this action pursuant to 42 U.S.C. § 1983.[3]  (*Id*.)

Defendants' instant Motion to Dismiss requests that the Court dismiss all claims

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction over the subject

matter and failure to state a claim upon which relief can be granted.  (Motion (ECF No.

79 at 5-11.))

On August 15, 2011, the Magistrate Judge issued his Recommendation that

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be granted in

part and denied in part.  (ECF No. 107.)  Plaintiff filed timely objections to the

Recommendation.  (Obj. (ECF No. 114)).

For the reasons stated below, Plaintiff's objections to the Recommendation are

OVERRULED, the Magistrate Judge's Recommendation is ADOPTED in its entirety,

---

[1]     The El Paso County Jail is also known as the El Paso County Criminal Justice
Center or "CJC."  (Rec. at 2.)

[2]     This case's long and complex procedural history is detailed in the
Recommendation.  (Rec. at 2-8.)  Neither party objects to the recitation set forth therein, so the
Court need not restate it here.

[3]     While Plaintiff's Second Amended Complaint contains additional claims, Plaintiff
has now voluntarily withdrawn those claims.  (ECF No. 106.)  Accordingly, Plaintiff is only
proceeding with Claims Three and Four of his Second Amended Complaint.  (*Id*.)

and Defendants' Motion to Dismiss Plaintiff's Amended Complaint is GRANTED in part and DENIED in part.

## II.  LEGAL STANDARD

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."

3

*Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true.  *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009).

The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge recommends that: (1) Defendants' Motion to Dismiss the excessive force claim against Defendant Brock be denied (Rec. at 10-15); and (2) Defendants' Motion to Dismiss the sexual assault claim against Defendant Jaeger be granted.  (*Id*. at 15-23.)  Plaintiff objects to the latter recommendation.[4]  (Obj. at 2-3.) The Court will review *de novo* the portion of the Recommendation to which a specific objection was made.  Otherwise, the Court will review the Recommendation for clear

---

[4]        Defendants have not objected to the Magistrate Judge's Recommendation that the excessive force claim proceed.

error.  Fed. R. Civ. P. 72(b)(3).

## A.    Plaintiff's Objections

The Magistrate Judge recommends dismissal of Plaintiff's sexual assault claim against Defendant Jaeger.  (Rec. at 15-23.)  Plaintiff objects to this recommendation.[5] (Obj. at 2-3.)

Plaintiff's claim for relief against Defendant Jaeger alleges that Plaintiff was subjected to a "sexual assault" in violation of the Fourteenth Amendment to the U.S. Constitution.  (Rec. at 15-16.)  As a pretrial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment to the same extent that the Eighth Amendment protects convicted criminals from unconstitutional conditions of confinement.  *See Bass v. Pottawatomie County Public Safety Center*, 425 F.App'x 713, 719 (10th Cir. 2011).  Therefore, the Court will analyze Plaintiff's claims using the familiar Eighth Amendment jurisprudence.

The Eighth Amendment encompasses an inmate's "constitutional right to be secure in her [or his] bodily integrity and free from attack by prison guards."  *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation marks and citation omitted).  "The right to be secure in one's bodily integrity includes the right to be free from sexual abuse."  *Id*. at 1212 (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("[P]laintiffs' deprivations resulting from the sexual assaults are sufficiently serious to constitute a violation under the Eighth Amendment")).  Moreover, "[i]t is

---

[5]    Additionally, because Plaintiff has objected to all of the adverse recommendations, and the Court must review *de novo* the portions of the Recommendation to which Plaintiff has objected, Plaintiff's Request for an Extension of Time to submit additional objections is denied.

clearly established that prison guards employed by the state can be liable under the Eighth Amendment for using excessive force against prisoners in the form of sexual abuse." *Id*. at 1215 (citation omitted).

To assert an Eighth Amendment claim, a plaintiff must satisfy a two-prong test: (1) that the deprivation suffered or the conduct challenged was "objectively 'sufficiently serious,'" and (2) that the defendant had a sufficiently culpable state of mind or was "deliberately indifferent" to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Under the objective component of the Eighth Amendment, a plaintiff must show that he was subjected to official conduct or physical force that rose to the level of cruel and unusual punishment because "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Martin v. Creek Cnty. Jail*, No. 10-cv-0699, 2010 WL 4683852, at *4 (N.D. Okla. Nov. 12, 2010) ("The Eighth Amendment prohibition . . . necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."). To satisfy the subjective component of the Eighth Amendment test, a plaintiff must allege sufficient facts to show that a defendant had the culpable state of mind known as "deliberate indifference," which requires a higher degree of fault than negligence or gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). "When no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

The Magistrate Judge found that Plaintiff's Second Amended Complaint did not state a Constitutional claim for sexual assault against Defendant Jaeger. (Rec. at 22-23.) The Court agrees. According to Plaintiff's allegations, he was subjected to unnecessary and unwelcomed sexual touching by Defendant Jaeger in the course of a single pat-down search. (Sec. Am. Compl. at 7-10.) Defendant Jaeger made no offensive sexual remarks during this search. (*Id*.) And Plaintiff acknowledges that the pat-down search in question had a penological purpose. (*Id*.)

The caselaw is clear that such a single pat-down search cannot be said to violate the Constitution. *See, e.g., Hughes v. Smith*, 237 F.App'x 756, 759 (3d Cir. 2007) (inmate did not allege a constitutional violation where the correctional officer allegedly touched the inmate's testicles through his clothing during a single pat-down frisk); *Pantusco v. Sorrell*, No. 09-cv-3518, 2011 WL 2148392, at *7-8 (D.N.J. May 31, 2011) (unpublished opinion) (inmate's constitutional claim fails because a single instance of groping by a correctional officer during a pat-down frisk does not amount to cruel and unusual punishment); *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1295-96 (D. Colo. 2009) (guard's alleged suggestive, sexual touching of an inmate did not state a constitutional violation).

Plaintiff argues that the Magistrate Judge erred by finding that he failed to allege an injury as a result of Defendant Jaeger's conduct. (Obj. at 3.) But even if the Court were to assume that Plaintiff sustained an injury as a result of the pat-down search, his Complaint would still not state a claim for sexual assault against Defendant Jaeger. *See Farmer v. Brennan*, 511 U.S. at 833. As stated above, a single incident of

unwelcome touching during a pat-down search does not violate the Fourteenth Amendment.

Plaintiff further objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies prior to filing his lawsuit.  (Obj. at 1-3.)  While the Magistrate Judge discussed at length the issue of whether Plaintiff had exhausted his administrative remedies (Rec. at 16-20), the Court does not reach the administrative remedy issue in deciding the Motion to Dismiss.  Plaintiff's sexual assault claims are dismissed because Plaintiff's Second Amended Complaint fails to state a claim for relief against Defendant Jaeger.

Accordingly, Plaintiff's constitutional claims against Defendant Jaeger are dismissed with prejudice.

## B.      Findings Without Objection

Neither party has objected to the Magistrate Judge's recommendation that Defendants' Motion to Dismiss the excessive force claim against Defendant Brock be denied.  (Rec. at 14-15.)  The Court has reviewed this ruling and finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings".).  Accordingly, the Magistrate Judge's Recommendation is adopted with respect to this claim.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiff's Objections (ECF No. 114) to the Magistrate Judge's August 15, 2011

       Recommendation are OVERRULED and the Recommendation (ECF No. 107) is

       ADOPTED in its entirety;

2.     Defendants' Motion to Dismiss (ECF No. 79) Plaintiff's Constitutional claims

       against Defendant Brock (Plaintiff's Third Claim) is DENIED;

3.     Defendants' Motion to Dismiss (ECF No. 79) Plaintiff's Constitutional claims

       against Defendant Jaeger (Plaintiff's Fourth Claim) is GRANTED;

4.     All claims other than Plaintiff's excessive force claim against Defendant Brock

       are hereby DISMISSED WITH PREJUDICE;

5.     Defendant Jaeger is DISMISSED as a Party-Defendant to this action. The Clerk

       and the parties shall hereafter delete any reference to Defendant Jaeger in the

       caption of any future filing; and

6.     Plaintiff's Request for an Extension of Time to Submit Additional Objections

       (ECF No. 114) is DENIED.


       Dated this 7th  day of February, 2012.

                                              BY THE COURT:


                                              William J. Martínez
                                              United States District Judge