IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

**Civil Action:10-cv-01513-WJM-CBS**          FTR - Reporter Deck-Courtroom A402
**Date: July 23, 2012**                                    Courtroom Deputy: Robin Mason

*Parties:*                                                                *Counsel:*

JOHNATHAN YOUNG, SR.,                                 *Pro Se*

    Plaintiff,

v.

BROCK,                                                                Charles Clark Greenlee

    Defendant.

---

## COURTROOM MINUTES/MINUTE ORDER

**HEARING:  TELEPHONIC MOTION HEARING**
**Court in Session:     10:14 a.m.**
Court calls case. Appearances of counsel.

The court addresses the parties regarding the discovery cut off dates, the plaintiff's MOTION Requesting The Court To Order The Defense To Show Proof To The Claim Of The Alleged Broken Camera (Docket No. 139, filed on 6/13/2012) and the defendant's RESPONSE to #139 MOTION for Leave to Order Defense to Show Proof of Alleged Broken Camera (Docket No. 142, filed on 6/20/2012).

Discussion between the court and the parties regarding the plaintiff's motion and the defendant's response. The plaintiff informs the court that he has not received the defendant's response.

**ORDERED:**   The court **GRANTS** the plaintiff's MOTION Requesting The Court To Order The Defense To Show Proof To The Claim Of The Alleged Broken Camera (Docket No. 139, filed on 6/13/2012). The supplemented affidavit(s) much be provided to the plaintiff **no later than July 30, 2012**.

The court informs defense counsel that the supplemented affidavit(s) must describe in more detail

the following: details as to the system of recorders, cameras, and computers used; how those particular devices interact with each other; what information, if any, is stored on videotape; what information , if any, is stored on computer; how the data was recorded; how the data was stored; and in what form/format the data was stored. The court further informs defense counsel that the information provided must address the system that was in place at the time of the alleged incident.

The court addresses the parties regarding the plaintiff's MOTION Requesting Copy of Deposition (Docket No. 143, filed on 6/20/2012) and the defendant's RESPONSE to #143 MOTION for Order to Requesting Copy of Deposition, and Motion for Partial Redaction (Docket No. 145, filed on 6/28/2012).

Discussion between the court and the parties regarding the plaintiff's motion and the defendant's response.

**ORDERED:** The court **GRANTS** the plaintiff's MOTION Requesting Copy of Deposition (Docket No. 143, filed on 6/20/2012). The transcript should be provided to the plaintiff **no later than July 30, 2012**. The court shall allow personal names to be redacted from the transcript.

Discussion between the court and Mr. Young regarding exactly what information will be redacted from transcript.

The court addresses the parties regarding the defendant's MOTION for Order to Obtain Plaintiff's Credit Reports (Docket 146, filed on 7/2/2012).

Discussion between the court and Mr. Greenlee regarding this motion.

**ORDERED:** The court **DENIES** the defendant's MOTION for Order to Obtain Plaintiff's Credit Reports (Docket 146, filed on 7/2/2012).

The court addresses the parties regarding the plaintiff's MOTION Requesting Referral to Faculty of Federal Advocates (Docket 149, filed on 7/17/2012).

Discussion between the court and Mr. Young regarding this motion and Mr. Young's previous requests for appointment of counsel.

**ORDERED:** The court **DENIES** the plaintiff's MOTION Requesting Referral to Faculty of Federal Advocates (Docket 149, filed on 7/17/2012).

Discussion between the court and Mr. Young regarding the progress of discovery and serving subpoenas for medical records.

**ORDERED:** The court advises the plaintiff that he must get the subpoena paperwork submitted with the court **no later than August 6, 2012**.

The plaintiff states that he is not getting mail from the defendant. He asks Mr. Greenlee to send

correspondence to him as legal mail to ensure that he receives it (there will be a record when he signs for it). Mr. Greenlee has no problem sending correspondence to Mr. Young the way he has requested.

Discussion between the court and Mr. Young regarding interrogatories that were served after the discovery cut off date. Mr. Greenlee advises the court that he has objections to the interrogatories on that basis. Discussion between the court and Mr. Greenlee regarding the interrogatories he received from the plaintiff (five in total). Defense counsel is directed respond to these interrogatories so that this case can move forward. Mr. Greenlee advises that he will comply but wants his objection on the record.

Mr. Greenlee makes an oral motion to have fourteen (14) days to provide the supplemental affidavit(s) to the plaintiff.

**ORDERED:** The court **GRANTS** Mr. Greenlee's oral motion. The supplemented affidavit(s) must be provided to the plaintiff **no later than August 6, 2012**.

HEARING CONCLUDED.

**Court in recess**:    **11:05 a.m.**
Total time in court:    00:51

To order transcripts of hearings with Magistrate Judge Shaffer, please contact Avery Woods Reporting at (303) 825-6119 or toll free at 1-800-962-3345.