IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01513-WJM-CBS

JOHNATHAN YOUNG, SR.,
    Plaintiff,
v.

[JASON] BROCK,
    Defendant.

# ORDER

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Plaintiff Johnathan Young's Motion Requesting Recusal of Magistrate Judge and Objection of Decisions Made by Magistrate Judge (hereinafter "Motion Requesting Recusal") (Doc. # 220) filed February 25, 2013. Pursuant to the Order of Reference (Doc. # 32) and memorandum (Doc. # 221) this matter was referred to the Magistrate Judge. The court has carefully reviewed the motions, the related briefings and hearings, the entire case file, and the applicable law. For the following reasons, I recommend that Plaintiff's Motion Requesting Recusal be **DENIED**.

Plaintiff, Johnathan Young, is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). Defendant is a deputy at the El Paso County Jail in Colorado. The original complaint stems from an incident that occurred when Mr. Young was a pretrial detainee held at the El Paso County Jail. *See* Recommendation on Defendant's Motion to Dismiss (Doc. # 107). Additional facts and the procedural background of this litigation have been detailed in this court's Recommendation on Defendant's Motion to Dismiss (Doc. # 107) and in the district court's Order Adopting the Recommendation of the United States Magistrate Judge (Doc. # 118), so it will not be repeated here. Mr. Young now argues that the Magistrate Judge must recuse himself because his decisions and actions reflect a bias in favor of the Defendant. *See* Motion Requesting Recusal (Doc. # 220).

A United States magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2012). In the Tenth Circuit, disqualification should occur in cases where "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). This is an objective standard, *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004), and the relevant inquiry is whether, based on the judge's "outward manifestations and reasonable inferences drawn therefrom," a sufficient factual basis exists to reasonably question the judge's impartiality. *Cooley*, 1 F.3d at 993.

The Tenth Circuit has confirmed that a motion to recuse is insufficient if it is based only on "beliefs, conclusions, …suspicion, opinion, and similar non-factual matters." *Id.*; *see also Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (affirming that "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification"). Additionally, adverse rulings against a litigant do not provide a sufficient basis for recusal. *Cooley*, 1 F.3d at 994 (affirming that motions to recuse will be denied if based on "prior rulings in the proceeding …solely because they were adverse"); *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (affirming "adverse rulings are not in themselves grounds for recusal"); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (denying motion to recuse because it alleged no factual basis to warrant recusal but only restated the party's conclusive beliefs, and because substance of the motion was "based on adverse rulings," which "cannot in themselves form the appropriate grounds for disqualification").

The moving party bears the burden to prove the objective bias of the judge; the judge does not bear a burden to prove that he is impartial. *McCarthey*, 368 F.3d at 1269. "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939.

Plaintiff Young asserts the following in support of his motion to recuse: (1) the Magistrate Judge is biased because he asked Plaintiff to cooperate with defense counsel to complete a final pretrial order when Plaintiff does not understand the purpose or format of the order; (2) that Plaintiff does not trust opposing counsel and does not want to discuss the final pretrial order with him; (3) the Magistrate Judge should have referred Plaintiff for pro bono counsel earlier in the proceedings; and (4) the Magistrate Judge's denial of Plaintiff's request for a second set of interrogatories evidences the judge's bias in favor of Defendant. *See* Motion Requesting Recusal (Doc. # 220).

Here, Plaintiff does not allege any facts that would cause a reasonable person to question my impartiality or that would warrant recusal. Plaintiff has alleged only information that is an opinion or belief, or complains about adverse rulings, and neither are sufficient grounds for recusal. First, Plaintiff's opinion that he does not trust opposing counsel and that "if the magistrate Shaffer had put me in sooner for pro bono counsel its [sic] possible that I would have had an attorney by now" merely express Plaintiff's suspicions about how this litigation is proceeding, and do not adequately support recusal. *Cooley*, 1 F.3d at 993; *Hinman*, 831 F.2d at 939. Second, the Plaintiff merely relies on adverse orders rather than facts to support his motion. He complains that the denial of a second set of interrogatories, requests to work with opposing counsel, and the timing of his referral to pro bono counsel, orders that he perceives to be adverse, demonstrate bias. *See* Motion Requesting Recusal (Doc. # 220). However, adverse rulings are not grounds for recusal. *Cooley*, 1 F.3d at 994; *Glass*, 849 F.2d at 1268; *Green*, 969 F.2d at 919.

The history of this litigation reveals that I have made multiple rulings favorable to Plaintiff. For example, I have granted Mr. Young's motion for proof that a prison surveillance camera was broken at the time of the incident (Doc. # 151), granted Mr. Young's motion requesting a copy of his deposition (Doc. # 151), and granted Mr. Young's "Subpoena for Command to Produce," and ordered that the clerk of court issue a subpoena for Mr. Young's medical records (Doc. # 160). Additionally, I have worked to accommodate the Plaintiff's unique situation as a pro se prisoner litigant. Among other things, I have

explained discovery and filing deadlines (Doc. # 138); I set a status conference on November 5, 2012 with Mr. Young and his case managers to address Mr. Young's access to discovery discs at the prison law library; and I directed opposing counsel to inform the prison law librarians that Mr. Young has access to and control over his discovery materials (Doc. # 194). At the January 30, 2013 hearing I explained in detail the "good cause" standard to permit discovery deadline extensions and explained the denial of his second set of interrogatories (Doc. # 215). Finally, I placed Mr. Young on the list for which counsel may choose to volunteer on November 6, 2012, (Doc. # 200), and explained to Mr. Young how the list and process works.

Therefore, the court **DENIES** Plaintiff's Motion Requesting Recusal of Magistrate Judge and Objection of Decisions Made by Magistrate Judge, and the Magistrate Judge declines to disqualify himself.

DATED this 27th day of March, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge