**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01513-WJM-CBS

JOHNATHAN YOUNG, SR.,

    Plaintiff,

v.

[JASON] BROCK,

    Defendant.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION
OF DECISIONS MADE BY MAGISTRATE JUDGE**

---

This matter is before the Court on Plaintiff's Motion Requesting Recusal of Magistrate Judge and Objection of Decisions Made by Magistrate Judge, filed February 25, 2013 ("Objection"). (ECF No. 220.) That portion of Plaintiff's Motion dealing with the Recusal of Magistrate Judge Shaffer was referred to Judge Shaffer on February 26, 2013 (ECF No. 221). On March 27, 2013 Magistrate Judge Shaffer denied Plaintiff's Motion Requesting Recusal (ECF No. 226) and as such that portion of the Objection is not addressed herein.

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court must adopt the Magistrate Judge's rulings unless it finds that the rulings are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Thus, objections will be overruled unless the Court finds that the Magistrate Judge abused his or her discretion

or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).  Furthermore, Fed. R. Civ. P. 72(a) requires that any objection to a non-dispositive ruling of the Magistrate Judge be filed and served within 14 days of such ruling.

In the instant Objection, Plaintiff expresses his displeasure about being required to work with defense counsel to finalize the pretrial order, as well as Judge Shaffer's denial of Plaintiff's request to serve a second set of interrogatories.  (ECF No. 220 at 1.)  The Court construes this portion of Plaintiff's Objection as an objection to the Minute Entry for the Motion Hearing, in which Plaintiff attended via telephone, held on January 30, 2013.  (ECF No. 215.)  However, Plaintiff's Objection is signed and dated February 21, 2013, which is more than 14 days after Magistrate Judge Shaffer's order was entered.  Therefore, Plaintiff's Objection to any order issued on January 30, 2013 is untimely and is DENIED on that basis.

Plaintiff's remaining objections are non-specific and generic; Plaintiff merely requests a "REVIEW of ALL of MAGISTRATE SHAFFERS ACTIONS in this case."  (ECF No. 220 at 2).  To the extent Plaintiff is objecting to Orders issued more than 14 days before February 21, 2013, those Objections are DENIED as untimely.

To the extent Plaintiff is objecting to Orders issued within the prior 14 days, those Objections are DENIED for failure lack of specificity.  The Tenth Circuit requires that objections to a magistrate judge's rulings be both timely and specific.  *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996).  Here, Plaintiff generally states his belief that Magistrate Judge Shaffer is biased and requests "**REVIEW** of **ALL** of MAGISTRATE JUDGE

SHAFFERS ACTIONS in this case." (ECF No. 220 at 2.) This request utterly fails to meet the specificity requirement. *See Zumwalt v. Astrue*, 220 F. App'x 770, 777-78 (10th Cir. 2007) (holding a one-sentence conclusory objection was insufficient to preserve that issue for appeal); *Price v. Reid*, 246 F. App'x 566, 569 (10th Cir. 2007) (finding objection was not specific enough to preserve issue for appeal when prisoner generally ranted about the "corruption" in the courts and the handling of his cases by the assigned district and magistrate judge). Therefore, to the extent that any portion of Plaintiff's Objection was timely, the Court DENIES it for lack of specificity.

In sum, the Court concludes that Plaintiff has failed to object in a timely fashion as required by Fed. R. Civ. P 72(a) and Plaintiff has not shown that a specific ruling made by Magistrate Judge Shaffer was clearly erroneous or contrary to law. Accordingly, the Objections contained in (ECF No. 220) are OVERRULED.

Dated this 17th day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge