IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-01513-WJM-CBS

JOHNATHAN YOUNG, SR.,

    Plaintiff,

v.

JASON BROCK,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT OPINIONS OF DR. DIANE AL-ABDULJAILI**

---

Plaintiff Johnathan Young, Sr. ("Plaintiff") brings this action against Defendant Jason Brock ("Defendant"), an employee of the El Paso County Sheriff's Department, arising out of his pretrial detention in the El Paso County Jail during July 2010. Plaintiff alleges that Defendant used excessive force when moving Plaintiff to a special detention room. (ECF No. 251 at 2-3.) A three-day bench trial is set to commence on March 17, 2014. (ECF No. 265.)

Before the Court is Plaintiff's Motion to Exclude Expert Opinions of Dr. Diane Al-Abduljalil ("Motion"). (ECF No. 258.) For the reasons set forth below, the Motion is DENIED.

### I. LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission of expert testimony is governed by Rule 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

## II.  ANALYSIS

To qualify as an expert, the witness must possess such "knowledge, skill, experience, training, or education" in the particular field as to make it appear that his or her opinion would rest on substantial foundation and would tend to aid the trier of fact in its search for the truth.  *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004).  Plaintiff argues that Dr. Al-Abduljalil specializes in addiction medicine, and is therefore unqualified to offer opinions on the particular types of injuries that Plaintiff suffered.  (ECF No. 258 at 5-6.)  Plaintiff also contends that Dr. Al-Abduljalil is not qualified to offer opinions on the jail's detention policies, and that Dr. Al-Abduljalil's testimony regarding whether Plaintiff reported his injuries to jail staff is not necessary to assist the finder of fact.  (*Id*. at 6-7.)

The primary purpose of the Court's gatekeeping function is to protect juries from unreliable or confusing scientific testimony, and these concerns are significantly lessened in a bench trial.  *See Atty. Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009) (citing *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002)).  Thus, trial courts conducting bench trials have the flexibility to admit proffered

expert testimony and to then decide during trial whether the evidence meets the requirements of *Daubert* and Fed. R. Evid. 702. *See id.* at 780; *see also Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 635 (6th Cir. 2000) (explaining that "district courts conducting bench trials have substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for themselves during the course of trial whether the evidence . . . deserves to be credited"); *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003) (Posner, J., sitting by designation) (because the primary purpose of *Daubert* is to protect juries from being "bamboozled by technical evidence of dubious merit . . . in a bench trial it is an acceptable alternative to admit evidence of borderline admissibility and give it the (slight) weight to which it is entitled . . . . *Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves.").

Based on the briefing submitted, the Court finds that the issues regarding Dr. Al-Abduljalil's testimony and the basis for her opinions are better suited to resolution at trial through "[v]igorous cross-examination [and the] presentation of contrary evidence." *Daubert*, 509 U.S. at 596. The Court preliminarily finds that Dr. Al-Abduljalil's experience in correctional medicine—including the emergency aspects thereof—is sufficient to permit her to testify about Plaintiff's injuries. The Court also finds that Dr. Al-Abduljalil's testimony regarding the jail's medical records is likely to assist the trier of fact. Finally, the Court preliminarily finds that Dr. Al-Abduljalil is qualified to offer her opinions on whether the jail's policies cause her any concern as a medical physician with experience in

correction medicine. While the Court may ultimately disregard some of Dr. Al-Abduljalil's testimony, the appropriate time to make that determination is after having heard the evidence (including Defendant's cross-examination of Dr. Al-Abduljalil) at trial. *See Tyson Foods, Inc.*, 565 F.3d at 780 (district court did not abuse its discretion by admitting evidence during a bench trial and then later finding it unreliable and not giving it substantial weight).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Exclude Expert Opinions of Dr. Diane Al-Abduljalil (ECF No. 258) is DENIED at this time. Dr. Al-Abduljalil will be permitted to testify, and the Court will decide, either during trial or afterwards, whether her testimony satisfies the requirements of Rule 702. If it does satisfy those requirements, the Court will then give it whatever amount of weight it deserves. If it does not satisfy the requirements, the Court will then grant Plaintiff's Motion and strike the testimony.

Dated this 12th day of February, 2014.

BY THE COURT:

William J. Martínez
United States District Judge