IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-01513-WJM-CBS

JOHNATHAN YOUNG, SR.,

    Plaintiff,

v.

JASON BROCK,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO AMEND FINAL PRETRIAL ORDER**

---

Plaintiff Johnathan Young, Sr. ("Plaintiff") brings this action against Defendant Jason Brock ("Defendant"), an employee of the El Paso County Sheriff's Department, arising out of his pretrial detention in the El Paso County Jail during July 2010. Plaintiff alleges that Defendant used excessive force when moving Plaintiff to a special detention room. (ECF No. 251 at 2-3.) A three-day bench trial is set to commence on March 17, 2014. (ECF No. 265.)

Before the Court is Defendant's Motion Pursuant to Fed. R. Civ. P. 16(e) for Leave to Amend Final Pretrial Order ("Motion"). (ECF No. 272.) For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  BACKGROUND

Plaintiff originally filed this action *pro se*, and was representing himself when the initial Final Pretrial Order was entered on April 30, 2013. (ECF No. 239.) Counsel was appointed for Plaintiff shortly thereafter, and entered their appearance on June 11, 2013.

(ECF Nos. 244-45.)  On Plaintiff's unopposed motion, the Court reopened discovery from June 18, 2013 to October 25, 2013.  (ECF No. 247.)  On July 31, 2013, Plaintiff filed an unopposed Motion to Amend the Final Pretrial Order, which was granted and the Amended Final Pretrial Order was entered on August 2, 2013.  (ECF No. 251.)

Between September 26, 2013 and October 24, 2013, the parties engaged in discovery, including multiple depositions.  (ECF No. 272 at 2.)  During Plaintiff's deposition of the Defendant, Plaintiff's counsel asked for specific documents that had not been disclosed, including old versions of jail policies, and inquired about other disciplinary incidents between the Plaintiff and Defendant.  (*Id.*)

On October 22, 2013, three days before the close of discovery, Defendant supplemented his Rule 26 disclosures with eleven new individuals that he believed may have information relevant to the case.  (ECF No. 275-1.)  Defendant then supplemented his Rule 26 disclosures twice more: with two additional individuals on January 13, 2014, and with four additional individuals on February 3, 2014.  (ECF Nos. 275-2 & 275-3.)

On February 18, 2014, Defendant filed the instant Motion to Amend.  (ECF No. 272.)  Plaintiff filed his opposition to the Motion on February 21, 2014.  (ECF No. 274.)  The Court ordered that no reply would be permitted, so the Motion is ripe for review.

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 16(e), a Final Pretrial Order may only be modified "to prevent manifest injustice."  *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208-10 (10th Cir. 2002); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).  The party moving for such modification bears the burden of proving that manifest injustice will

result absent the amendment.  *Id.* at 1208; *Beene v. Ford Motor Co.*, 2011 U.S. Dist. LEXIS 18721, at *5-6 (D. Colo. Feb. 25, 2011).  The Tenth Circuit has explained that, when reviewing a decision by a district court to deny a request to amend a Final Pretrial Order, it will consider: "(i) the extent of prejudice or surprise to the nonmoving party if the amendment were permitted; (ii) the ability of that party to cure any prejudice; (iii) disruption to the litigation by inclusion of the new issue; and (iv) bad faith by the party seeking to modify the order."  *Koch*, 203 F.3d at 1222 & n.10.

### III.  ANALYSIS

Defendant moves to amend the August 2, 2013 Final Pretrial Order to add twenty-one "will call" or "may call" witnesses to his witness list for trial.  (ECF No. 273.)  Specifically, Defendant wishes to move two witnesses from his "may call" list to his "will call" list, add six new witnesses to his "will call" list, and add fifteen new witnesses to his "may call" list.  (ECF No. 273-7.)  Plaintiff does not object to Defendant moving witnesses from the "may call" to the "will call" list.  (ECF No. 273 at 1.)  Plaintiff also does not object to the addition of two of the proposed witnesses—Holly Winters and Liz Mestas.  (ECF No. 274 at 3.)  Plaintiff objects to the addition of the remaining nineteen witnesses.  (*Id.* at 8.)  As to those alterations to which there is no objection, the Court will permit Defendant to include these individuals on his final witness list.

With regard to the remaining witnesses, Plaintiff contends that Defendant has not established that the denial of the motion will result in a manifest injustice.  (ECF No. 274 at 8.)  The Court agrees.  The only explanation offered by Defendant as to why he needs to add all of the disputed witnesses to the Final Pretrial Order so close to trial is that he

"needs the additional witnesses for credibility testimony." (ECF No. 272 at 6.) Defendant does not specify whether these witnesses are needed to impeach the Plaintiff's credibility, to shore up his own credibility, or both. Instead, Defendant argues only that Plaintiff's counsel's questioning of him during his deposition caused him to realize that additional witnesses will be, or might be, needed to build his case at trial. (*Id.* at 2.)

The Court sees no merit to this explanation. Defendant and his counsel have been involved with this case for nearly four years, and this case is the second oldest case pending in the Court's docket. The fact that Plaintiff was unrepresented for the majority of that time does not excuse Defendant and his counsel for failing to develop their own case at the appropriate time. Given the nature of the claims in this case, Defendant should have realized early on that Plaintiff's credibility would be a key issue. Defendant fails to offer any explanation as to why he has only recently decided that it would be helpful for his case if he were able to offer evidence of Plaintiff's other disciplinary incidents, or the fact that Plaintiff has been observed walking without a cane.

Additionally, many of the individuals that Defendant wishes to add to the witness list actually observed or participated in at least some of the events at the heart of this case. As such, they certainly qualify as "individual[s] likely to have discoverable information" about this case, and should have been included in Defendant's initial Rule 26(a) disclosures. Defendant has offered no explanation as to why these individuals were not disclosed until three days before the *reopened* discovery period ended. The timing of these disclosures deprived Plaintiff of the ability to conduct any discovery into these individuals, some of whom witnessed the events that form the basis for this case.

Addressing the four *Koch* factors, the Court finds that allowing the addition of these witnesses would significantly prejudice Plaintiff.  The proposed witnesses were first disclosed to Plaintiff either after the reopened discovery period had closed, which is patently untimely, or three days before it closed, which effectively denies Plaintiff the ability to conduct discovery with regard to these persons.  Defendant contends that there is no prejudice because he will make any of these individuals available to be interviewed by Plaintiff.  But an informal interview is not the same as a deposition for purposes of impeaching a witness's trial testimony.  Thus, the Court finds that the timing of disclosure of these individuals significantly prejudices Plaintiff.

The Court also finds that Plaintiff's prejudice cannot be cured.  Had Defendant filed the instant Motion earlier, perhaps the Court could have reopened discovery for the purpose of allowing Plaintiff to depose the proposed witnesses.  However, trial is set to begin in less than three weeks and, as this case has already languished for nearly four years, the undersigned will not reschedule trial to permit additional discovery to be taken at this point.  Therefore, the Court sees no way to cure the Plaintiff's prejudice at this juncture of the proceedings.

Furthermore, granting the Motion and allowing Defendant to call the additional proposed witnesses at trial would significantly disrupt the upcoming trial.  With the parties' consent, the Court set this case for a three-day bench trial.  Defendant's witness list in the existing Final Pretrial Order has eleven witnesses on it.  (ECF No. 251.)  The Court highly doubts that the parties could finish trial in the time allotted if Defendant is allowed to add six additional witnesses to his "will call" list and fifteen witnesses to his "may call" list.  Moreover, many of the proposed additional witnesses will testify about matters that are

5

subsidiary to the incident at the heart of this case, such as other disciplinary actions that have been brought against the Plaintiff.  The Court can easily see how these incidents could create a side show that could significantly delay the trial.  As such, the Court finds that allowing amendment of the Final Pretrial Order would disrupt the trial.

With regard to bad faith, the Court finds that there is no evidence of outright bad faith.  However, Defendant appears to have been less than diligent in formulating his defense, which the Court cannot encourage.  As such, the Court finds this factor neutral.

In sum, the Court finds that Defendant has failed to set forth any good reason as to why the Court should permit the proposed amendment.  Three of the four *Koch* factors weigh against granting the Motion, and the fourth is neutral.  As such, the Court finds that Defendant has failed to meet his burden of showing that denial of the Motion to Amend the Final Pretrial Order  would result in a manifest injustice.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion Pursuant to Fed. R. Civ. P. 16(e) for Leave to Amend Final Pretrial Order (ECF No. 272) is GRANTED IN PART and DENIED IN PART;

2. The Motion is GRANTED to the extent Defendant seeks to move two witnesses from his "may call" list to his "will call" list;

3. The Motion is further GRANTED to the extent Defendant seeks to add record custodians Holly Winters and Liz Mestas to his witness list;

4. The Motion is DENIED in all other respects; and

5. As Defendant's Final Witness List (ECF No. 275-1) lists many of the individuals that the Court has now ruled may not be called at trial, Defendant shall file an

amended final witness list **no later than March 7, 2014.**

Dated this 27th day of February, 2014.

BY THE COURT:

William J. Martínez
United States District Judge